GOODNOW v. STRYKER.

1. **Taxes upon Another's Land**: PAYMENT UNDER BELIEF OF OWNERSHIP: RECOVERY FROM OWNER: INTEREST: LIEN ON LAND. The rulings in *Goodnow v. Litchfield*, *ante*, p. 275, are followed in this case.

*Appeal from Webster District Court.*

WEDNESDAY, JUNE 4.

THE plaintiff brings this action in equity as assignee of an account for taxes alleged to have been paid by the plaintiff's assignor, the Iowa Homestead Company. The land upon which the taxes were paid belongs to the defendant. The taxes in question were paid by the Iowa Homestead Co., under the supposition entertained by it at the time that it was the owner of the land; and the circumstances taken together were such as to raise an implied promise on the part of defendant to repay the taxes. The court rendered a decree in the plaintiff's favor for the amount, and allowed him interest on the same from the time of the commencement of the action, and allowed a lien upon the different government sub-

divisions for the amount paid upon each subdivision respec-
tively.   The plaintiff appeals.

*George Crane*, for appellant.

*C. H. Gatch*, for appellee.

ADAMS, J.—The plaintiff contends that he should have
been allowed interest from the time of the payment of the
money, and should have been allowed a lien upon the whole
land for the whole amount paid.   So far as these questions
are concerned, the case is similar in respect to its facts to
*Goodnow v. Litchfield*, decided at the last term.   *Ante*, p. 275.
According to the ruling in that case, the plaintiff's position
must be sustained, and the judgment must be

MODIFIED AND AFFIRMED.